AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE:



FILED
JAN 22 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
a black LG TRACFONE with IMEI NUMBER ) Case No. M-21- 48 -P
356058109426435 seized from ROBERT )
HENRY BRITTON )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:
See attached Affidavit of Task Force Officer Dakota Cook, Homeland Security Investigations (HSI), which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

DAKOTA COOK, Task Force Officer (HSI)
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/22/2021

_____
Judge's signature

City and state: Oklahoma City, Oklahoma    GARY M. PURCELL, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

The property to be searched are described as a **BLACK LG TRACFONE WITH IMEI NUMBER 356058109426435** (the "Target Device") is currently located in secure storage in evidence at the Norman Police Department in Oklahoma at 1507 W. Lindsey Street. This item is listed as evidence item #5 in case number 2020-78028.

This warrant authorizes the forensic examination of the **Target Device** for the purpose of identifying the electronically stored information described in Attachment B.



a. Black LG Tracfone Wireless Device

## ATTACHMENT B

1.  All records on the **Target Device** described in Attachment A that relate to violations of 21 U.S.C. § 846 involving Robert BRITTON, including:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of drugs smuggled as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. all bank records, checks, credit card bills, account information, and other financial records.

2.  Evidence of user attribution showing who used or owned the **Target Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.



As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK LG TRACFONE WITH IMEI NUMBER 356058109426435 WIRELESS DEVICE SEIZED FROM ROBERT HENRY BRITTON | Case No. M-21-____-P |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Dakota Cook, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic devices, as further described in Attachment A hereto—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Task Force Officer with Homeland Security Investigations (HSI), currently assigned to the Oklahoma City, OK office. As such, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the U.S. who is empowered by law to conduct

investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. I have been a law enforcement officers since September of 2010. I am currently employed by the Norman Police Department as a detective assigned to the Special Investigations Section. I have received specialized training in controlled substance violations. I have arrested, interviewed, and debriefed numerous individuals who have been involved in and have personal knowledge of importing, transporting and concealing narcotics, as well as, the amassing, spending, converting, transporting, distributing, laundering and concealing of proceeds from narcotics trafficking and smuggling. I have participated in numerous investigations involving physical and electronic surveillance. I have been the affiant of numerous search warrants, including warrants authorizing the search of mobile electronic devices. I have used these types of warrants to further criminal investigations.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 846 have been committed by Robert BRITTON, and other known and unknown co-conspirators. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for

the requested warrant and does not set forth all of my knowledge about this matter. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711 (3)(A)(i).

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5.  The property to be searched is a **BLACK LG TRACFONE WITH IMEI NUMBER 3560581094226435** (the "Target Device"), which was seized from Robert Henry BRITTON. This phone is currently located in secure storage in evidence at the Norman Police Department in Oklahoma at 1507 W. Lindsey Street. This item is listed as evidence item #5 in case number 2020-78028.

6.  The applied for warrant would authorize the forensic examination of the **Target Device** for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7.  On December 7, 2020, I was involved in the arrest of Robert BRITTON at his residence located at 716 ½ E. Eufaula Street in Norman Oklahoma. BRITTON was arrested for a valid federal arrest warrant. The arrest warrant and corresponding federal complaint were signed by U.S. Magistrate Judge Suzanne Mitchell on December 4, 2020, alleging that

BRITTON and others had engaged in a conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846. A valid federal search warrant was signed by Judge Mitchell on December 7, 2020 and was served at this location on the same day. BRITTON was contacted just outside of the residence inside of a vehicle which was parked in the driveway. In the course of the execution of the arrest warrant, the **Target Device** was recovered from BRITTON's hand and seized. Also found in BRITTON's pockets during the search incident to arrest was approximately 4.2 grams of a crystal substance which was packaged in three small pink plastic zip top baggies. This substance later field tested positive for the presence of methamphetamine.

8. During the search of the residence (716 ½ E. Eufaula Street) pursuant to the federal search warrant, detectives located approximately 18.9 grams of presumed methamphetamine and approximately $1,200 in US currency. This substance later field tested positive for the presence of methamphetamine.

9. Based on investigation and federal warrants already signed in this case, there is probable cause to believe that BRITTON did knowingly and intentionally conspire to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule I controlled substance in violation of 21 U.S.C. § 841.

10. Based on the facts of this case there is probable cause to believe that his cellular phone contain evidence related to his involvement as well as the involvement of others in the case.

11. The **Target Device** is currently located in secure evidence storage at the Norman Police Department evidence department in Norman Oklahoma, located at 1507 W. Lindsey Street, Norman, Oklahoma. In my training and experience, I know that the **Target Device** has been stored in a manner in which its contents are (to the extent material to this investigation) in substantially the same state as they were when the **Target Device** first came into the possession of investigators.

## TECHNICAL TERMS

12. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records

    the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most

digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global

7

Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or

miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

13. Based on my training, experience, and research, I know that the **Target Device** has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Target Device** was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Target Device** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

16. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Target Device** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **Target Device** to human inspection in order to determine whether it is evidence described by the warrant.

17. *Manner of execution.* Because this warrant seeks only permission to examine a **Target Device** already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

18. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **Target Device** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

DAKOTA COOK
Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me on January 22nd, 2021.

GARY M. PURCELL
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT A

The property to be searched are described as a **BLACK LG TRACFONE WITH IMEI NUMBER 356058109426435** (the "**Target Device**") is currently located in secure storage in evidence at the Norman Police Department in Oklahoma at 1507 W. Lindsey Street. This item is listed as evidence item #5 in case number 2020-78028.

This warrant authorizes the forensic examination of the **Target Device** for the purpose of identifying the electronically stored information described in Attachment B.



a. Black LG Tracfone Wireless Device

## ATTACHMENT B

1. All records on the **Target Device** described in Attachment A that relate to violations of 21 U.S.C. § 846 involving Robert BRITTON, including:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of drugs smuggled as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **Target Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

